## Greenawalt versus Greenawalt.

1. A devise was: "to Samuel and to his heirs and assigns;" should Samuel's son Calvin survive him, "and then die without issue, then the estate devised to Samuel shall descend unto my two remaining children, Josiah and Sarah ;" should Samuel leave a widow, she to occupy the devise for life. "If Samuel should have other children, then the devise to him, his heirs and assigns to be absolute." Held, that Samuel took a fee with executory devise over, which in case of the birth of other children, would no longer be subject to the executory devise.

2. "Absolute," is not used legally to distinguish a fee from a life estate ; but a qualified or conditional from a simple fee.

[Greenawalt *v.* Greenawalt.]

3. Calvin under the devise took an estate tail by implication.

4. Samuel having died without other children, Calvin's estate became a vested tail in remainder, subject to Samuel's widow's life estate, which took effect in possession immediately.

5. The devise over to Josiah and Sarah was of- a fee, and therefore an indefinite failure of issue of Calvin was contemplated.

6. The fee of Josiah and Sarah vested on the death of Samuel, to take effect in possession on the death of Calvin, when the issue inheritable to his estate should fail.

7. On the death of Samuel, the limitations were : his widow for life, remainder to Calvin in tail, remainder to Josiah and Sarah in fee.

8. By deed under Act of January 16th 1799, Calvin docked the entail, and thereby barred the remainders after his estate.

9. Greenawalt's Appeal, 1 Wright 95, affirmed; Taylor *v.* Taylor, 13 P. F. Smith 483, recognised.

May 22d 1872.　Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Lebanon county :* No. 81, to May Term 1872.

This was an amicable action of debt, entered April 16th 1872, in which W. M. Greenawalt was plaintiff, and Kate Greenawalt was defendant.

A case was stated which exhibited the following facts :—

Leonard Greenawalt died on the 30th of January 1855, having made his will, dated October 14th 1854, and proved February 2d 1855.

Amongst other devises were the following :—

" I give and devise unto my son Samuel Greenawalt, and to his heirs and assigns, all that my three houses and part of a lot of ground, situate in said borough of Lebanon, &c., subject nevertheless to the right and privilege of my daughter Maria B. Greenawalt, to use, occupy and enjoy, and to have and receive the rents, issues and profits of the brick house, one of the three above mentioned, and now occupied by my said son Samuel, and that part of the lot lying north, &c.; * * * and also subject to the payment of the sum of $60 annually on the 1st day of April, in each year, by my said son Samuel, his heirs or assigns, to my said daughter Maria B., and to give or furnish her with good and sufficient boarding, free of charge, for and during her natural life, &c., * * * And whereas, my said son, Samuel Greenawalt, has but one child or son named Calvin Greenawalt, now it is my will and I order, that should said Calvin survive his father, and then die without issue, that then the estate hereinbefore devised to my son Samuel, shall descend unto my two remaining children, Josiah Greenawalt and Sarah Fichthorn, subject to the same reservations for my daughter Maria ; and should my said son Samuel leave a widow, who should survive the said Calvin, then also subject to the right of said widow to occupy the premises during her natural life, subject to the right of my daughter Maria.　If, however, my

[Greenawalt *v.* Greenawalt.]

said son Samuel should have other children born to him hereafter, then the devise to him, his heirs and assigns, to be absolute, subject only to the reservations made in favor of my daughter Maria." * * *

Samuel Greenawalt died February 23d 1863, leaving his son Calvin, but not having had any other children. After the death of Samuel, his son Calvin executed a deed to bar any estate tail he might have in the devise. The wife of Samuel Greenawalt died May 14th 1869. Josiah Greenawalt died after Samuel, leaving four children, of whom the plaintiff is one, but no grandchildren. Calvin died July 31st 1871, unmarried and without issue. Maria Greenawalt was still living.

The plaintiff, claiming to have title to an undivided fourth of the devise of the three houses, &c., either under the will of "Leonard Greenawalt, or by descent as one of the heirs at law of Josiah Greenawalt," on the 1st of January 1872, agreed to sell her one undivided fourth to the defendant, subject to the interest of Maria Greenawalt, and convey it on the 1st of April then next. The defendant gave to the plaintiff her note for $500, the purchase-money payable April 1st 1872.

This action was instituted for the recovery of the amount of the note.

"Upon the facts aforesaid, if the court should be of opinion that the said Calvin Greenawalt, deceased, had no estate of inheritance or other interest in said real estate, at the time of his death, which descended to his heirs at law or was capable of being devised by him, then judgment to be entered in favor of the plaintiff, for $500 with interest from April 1st, A. D. 1872; and if the court should be of opinion that the said Calvin Greenawalt had such estate of inheritance or other interest in said real estate, at the time of his death, as is above suggested, then judgment to be entered generally in favor of the defendant."

The court (Pearson, P. J.) rendered judgment on the case stated for the defendant, delivering the following opinion :—

"The present suit was entered to recover $500—the purchase-money of a house and lot in the borough of Lebanon. The right of the plaintiff to recover depends on the validity of the title given to the defendant. The stated case shows that the title depends on the proper construction of the will of Leonard Greenawalt, the propositus or original owner.

"It is conceded that if Calvin Greenawalt took an estate tail in the property, such a course was pursued by him as rendered the title of the plaintiff invalid, and he cannot recover. If Calvin had but a life-estate, the title is good in the descendants of Josiah Greenawalt, and the plaintiff is entitled to recover. This will is obscurely worded, and presents some difficult legal questions. We had it before us in 1864 and filed an opinion on a case stated,

giving a construction to the will in favor of the title of Calvin Greenawalt. We still adhere to that opinion as filed on the 15th of November 1864.

" We have not the case before us as then stated, but take it for granted it raises the same question which is now presented. Leaving out of view the principle often recognised, that a purchaser is not obliged to accept and pay for a doubtful title, one over which a cloud hangs that would render it unmarketable, we are of opinion that Calvin Greenawalt took an estate tail under the will of his grandfather; therefore no title vested in Josiah Greenawalt; consequently his descendant could not make one which is of any validity."

The plaintiff removed the case to the Supreme Court, and assigned the entry of judgment for the defendant for error.

*J. Funck*, for plaintiff in error.

*J. Weidle, Jr.*, for defendant in error.

The opinion of the court was delivered, May 27th 1872, by

SHARSWOOD, J.—When this will of Leonard Greenawalt was before this court in Greenawalt's Appeal, 1 Wright 95, the construction put upon it was that Samuel Greenawalt took an estate in fee, subject to an executory devise in favor of his son Calvin, and in the contingency of failure of his issue, an executory devise in favor of Josiah Greenawalt and Sarah Fichthorn. It was not a mere *obiter dictum*, but part of the *ratio decidendi*. The question arose upon the power of the Orphans' Court to order a sale under the Act of April 18th 1853, Pamph. L. 503, against the objection of Josiah Greenawalt. " As already remarked," says the present Chief Justice in delivering the opinion of the court, " the fee was devised by very sufficient terms to pass it to Samuel Greenawalt and to his heirs and assigns. The limitations over to Josiah, in the event of the death of Calvin, the son of Samuel, without issue, could only have effect by way of executory devise. It could not exist as a remainder, for the entire estate passed to Samuel, subject to the life estate of Maria, and there could be no remainder in an entirety. Such interest as this by the express terms of the act may be sold. Estates whereon are limited contingent remainders or executory devises are subject to sale. The compensation in the act is the substitution of the fund to the same uses and persons as was the land. So this interest is not in the way." As it is clear that this was not a mere *obiter dictum*, so it is equally clear that it was not the result of inadvertence, as it is considered to have been in one of the opinions of the learned judge below. There is no reason for thinking that the whole will was not read and every part of it adverted to. We are of opinion that the construction thus put

[Greenawalt v. Greenawalt.]

upon the provisions of the will of Samuel Greenawalt, was the true and sound exposition of them.   There is nothing in the subsequent clause referred to, which shows that the testator intended Samuel to take only an estate for life, notwithstanding the express devise to him " and to his heirs and assigns."   That clause is as follows : " If, however, my said son Samuel should have other children born to him hereafter, then the devise to him, his heirs and assigns, to be absolute, subject only to the reservations made in favor of my daughter Maria."   *Absolute* is not a word used legally to distinguish a fee from a life estate, but to distinguish a qualified or conditional from a simple fee.   What the testator evidently meant, and expressed it very clearly and properly, was that in the event of Samuel having other children born to him, his estate should no longer be subject to these executory devises over, but should be absolute, subject only to the reservation made in favor of Maria.

Although there was in Greenawalt's Appeal, there is no question here, as to what estate Samuel Greenawalt had under the will.   He died leaving his son Calvin surviving him, and having had no other children born to him.   The important question here is, what estate did Calvin take, which is a different question from whether he took an executory devise grafted upon a fee, or a remainder after a life estate in Samuel.   We agree with the learned judge below that it was an estate tail by implication.   Upon the death of Samuel Greenawalt, Calvin's estate became a vested estate tail in remainder, subject to the life estate of the widow of Samuel Greenawalt, which was to take effect in possession immediately upon, and subject also to Maria's interest.   The only contention which has been made on this question is, that the devise over after the failure of issue shows that a definite failure of issue living at Calvin's death, was only intended.   Now had the devise over to Josiah Greenawalt and Sarah Fichthorn been expressly for their lives, there would be a good foundation for this argument, according to the case of Taylor v. Taylor, 13 P. F. Smith 483, and the authorities there referred to.   But the devise over was in fee—a devise of the whole estate of the testator remaining after the particular estates which had been cut out of it—and this by the evident intention as well as by the 9th section of the Act of April 8th 1833, Pamph. L. 249. There is nothing then in the devise over to show that the testator contemplated necessarily a failure of issue within the lifetime of Josiah Greenawalt and Sarah Fichthorn.   He gave them a fee in remainder, which vested immediately on the death of Samuel Greenawalt, to take effect in possession when the issue of Calvin inheritable to his estate should fail.   Upon the death then of Samuel Greenawalt, the limitations stood, subject to the provision in favor of Maria not necessary to be here considered, to the widow of Samuel Greenawalt for life, remainder to Calvin in fee tail, remainder to Josiah Greenawalt and Sarah Fichthorn in fee simple.

[Greenawalt *v.* Greenawalt.]

Calvin then could dock the entail, and bar the remainders after his estate by a deed executed and acknowledged in conformity to the provisions of the Act of January 16th 1799, 3 Sm. L. 338, which includes expressly estates in remainder as well as in possession. The case agreed states that Calvin, after the death of his father, did, in due form of law, execute a deed to bar the entail. It follows that the judgment below on the case stated for the defendant was right.

Judgment affirmed.